UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-277-FDW

| | |
|---|---|
| BRANDON MICHAEL PICKENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BRAD PERRITT, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 4), and on Respondent's Motion re Supplemental Memorandum, (Doc. No. 9).

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who pled guilty, in Buncombe County Superior Court on June 25, 2012, to possession of drug paraphernalia, trafficking in cocaine, and possession with intent to sell or deliver cocaine, having achieved habitual felon status. (Doc. No. 5-2: Gov't Exhibit One). The trial court sentenced Petitioner to 66-89 months imprisonment, in cases 11 CRS 3580-81 and 12 CRS 108-109. See (Doc. Nos. 5-3: Gov't Exhibit Two).

Petitioner dated a pro se motion for appropriate relief ("MAR") on March 25, 2013, and filed it in Buncombe County Superior Court. (Doc. No. 5-4: Gov't Exhibit 3). On May 20, 2013, the MAR was summarily denied. (Doc. No. 5-5: Gov't Exhibit 4). On July 5, 2013, Petitioner filed another pro se MAR in Buncombe County Superior Court. (Doc. No. 5-6: Gov't

1

Exhibit 5). On August 21, 2013, the MAR was summarily denied. (Doc. No. 5-7: Exhibit 6). On or about August 27, 2013, Petitioner filed a pro se memorandum of law supporting his MAR and a motion for post-conviction discovery. (Doc. No. 5-8: Gov't Exhibit 7). On September 11, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 5-9: Gov't Exhibit 8). On September 24, 2013, the state filed a response. (Doc. No. 5-10: Exhibit 9). On September 25, 2013, certiorari was denied. (Doc. No. 5-11: Gov't Exhibit 10). Petitioner dated his pro se federal habeas application form October 1, 2013, and filed it in this Court on October 21, 2013. Respondent filed the pending summary judgment motion on November 27, 2013. On December 4, 2013, the Court issued an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to respond to the summary judgment motion. (Doc. No. 6). Petitioner filed a brief in response in opposition on December 13, 2013. (Doc. No. 8).

## II. STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A state court decision is contrary to clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result][.]" Williams v. Taylor, 529 U.S. 362, 405 (2000); Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 U.S. at 405). A state court unreasonably applies federal law when it "identifies the correct governing legal rule from th[e Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case." Williams, 529 U.S. at 407; Lewis, 609 F.3d at 300-01 (stating that a state court unreasonably applies federal law when it "extends a legal principle from [the Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new

3

context where it should apply[ ]") (citation and quotation marks omitted).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law" for § 2254(d)(1) purposes. Williams, 529 U.S. at 410. The former requires a "substantially higher threshold" to obtain relief than does the latter. Schiro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's determination that a claim fails on its merits cannot be overturned by a federal habeas court "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

A habeas court, therefore, must "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court." Richter, 131 S. Ct. at 786. A petitioner has the burden of establishing that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

### III. DISCUSSION

As his sole ground for relief, Petitioner contends that he was denied effective assistance of counsel and, as a result, entered an involuntary guilty plea. As part of this claim, Petitioner contends that the prosecutor used evidence against him that was obtained in violation of his Fourth Amendment rights and that counsel should have advised Petitioner of his right to challenge the admissibility of this evidence rather than advising Petitioner to plead guilty. See (Doc. No. 8 at 4-6). Petitioner raised the substance of his claim in both MARs, and the MAR Court denied the claim, first on the merits, and then because the MAR Court had already

adjudicated the claim in the first MAR. See (Doc. Nos. 5-5; 5-7).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish ineffective assistance of counsel in the guilty plea context, Petitioner must show a professional dereliction and a reasonable probability an objectively reasonable person in his shoes would not have pled guilty and would have insisted on going to trial, absent the alleged dereliction. See Hill v. Lockhart, 474 U.S. 52 (1985) (applying familiar two-part test of Strickland v. Washington to ineffectiveness claims raised in guilty plea context); Meyer v. Branker, 506 F.3d 358 (4th Cir. 2007) (prejudice prong under Hill v. Lockhart is an "objective inquiry"), cert. denied, 554 U.S. 925 (2008).

5

Petitioner's contention regarding his alleged involuntary plea is without merit, as it is belied by the transcript of plea in which Petitioner swore under oath in open court that his lawyer explained the charges to him, he understood each element of each charge, discussed possible defenses, and was satisfied with his legal services. (Doc. No. 5-2). Petitioner swore he was in fact guilty of the offenses charged and the only terms or conditions of his plea bargain, were as follows:

> Mr. Pickens pleads guilty to the drug-related offenses and will be sentenced as a habitual felon, Class C, Level 4, in the mitigated range of 66-89 months.
>
> The charges listed on page 2, side 2 shall be dismissed [first-degree burglary, assault inflicting serious injury, misdemeanor larceny, resisting a public officer, possession of a stolen vehicle, two counts habitual felon].

(Id. at 2-3). Petitioner swore that no one made any other promises or threatened him in any way to cause him to enter his plea against his wishes. (Id.). He also swore he understood that by entering his plea, he waived his right to confront and cross-examine witnesses, and other valuable constitutional rights. (Id. at 2). Absent compelling circumstances not shown here, Petitioner is bound by his solemn in-court representations during the plea colloquy. See Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984). Furthermore, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which he pled guilty. (Doc. No. 5-2). The prosecutor also certified that the terms and conditions of the plea were correct. (Id.). As the Supreme Court held in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977),

> representations of the defendant, his lawyer, and the prosecutor at such a [guilty plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings.

Here, Petitioner's own conclusory statements contained in his pro se federal habeas petition and any attached documents are insufficient to breach the formidable barrier of

6

Blackledge. Moreover, the trial court's findings in accepting the plea, that there was a factual basis, that Petitioner was satisfied with his lawyer, and was competent to stand trial, are supported by Petitioner's responses during the plea colloquy and are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). Petitioner has the burden to rebut these findings by "clear and convincing evidence," which he has not and cannot do here. See § 2254(e)(1). In sum, the MAR Court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law.[1]

Finally, as to Respondent's Motion re Supplemental Memorandum, Respondent states that Petitioner has requested discovery from the government, and the government opposes Petitioner's requests for discovery. The Court grants Respondent's motion to the extent that no discovery is needed here, as Respondent is entitled to summary judgment as a matter of law based on the exhibits attached to Respondent's motion for summary judgment.

### IV.   CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 4), is **GRANTED** and the § 2254 petition is **DISMISSED** with prejudice.

2. Respondent's Motion re Supplemental Memorandum, (Doc. No. 9), is **GRANTED**.

3. It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section

---

[1] To the extent that Petitioner is attempting to bring a separate, substantive claim for a violation of his Fourth Amendment rights, he may not breing this claim in his petition. By entering his knowing, voluntary, counseled guilty plea, Petitioner waived his right to challenge the constitutionality of the evidence the prosecutor allegedly obtained. See Tollett v. Henderson, 411 U.S. 258 (1973).

2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 18, 2013

Frank D. Whitney
Chief United States District Judge