UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-277-FDW

| BRANDON MICHAEL PICKENS, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| | ) **ORDER** |
| BRAD PERRITT, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. No. 28), on Petitioner's Amended Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, (Doc. No. 29), and on Petitioner's Motion for Default Judgment, (Doc. No. 31).

Pro se Petitioner Brandon Pickens is a prisoner of the State of North Carolina who pled guilty, in Buncombe County Superior Court on June 25, 2012, to possession of drug paraphernalia, trafficking in cocaine, and possession with intent to sell or deliver cocaine, having achieved habitual felon status. (Doc. No. 5-2: Gov't Ex. 1). The trial court sentenced Petitioner to 66-89 months imprisonment, in cases 11 CRS 3580-81 and 12 CRS 108-109. See (Doc. Nos. 5-3: Gov't Ex. 2). Petitioner is currently incarcerated in Pender Correctional Institution in Burgaw, North Carolina.

Petitioner dated a pro se motion for appropriate relief ("MAR") on March 25, 2013, and filed it in Buncombe County Superior Court. (Doc. No. 5-4: Gov't Ex. 3). On May 20, 2013, the MAR was summarily denied. (Doc. No. 5-5: Gov't Ex. 4). On July 5, 2013, Petitioner filed

1

another pro se MAR in Buncombe County Superior Court. (Doc. No. 5-6: Gov't Ex. 5). On August 21, 2013, the MAR was summarily denied. (Doc. No. 5-7: Ex. 6). On or about August 27, 2013, Petitioner filed a pro se memorandum of law supporting his MAR and a motion for post-conviction discovery. (Doc. No. 5-8: Gov't Ex. 7). On September 11, 2013, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Doc. No. 5-9: Gov't Ex. 8).

On September 24, 2013, the state filed a response. (Doc. No. 5-10: Ex. 9). On September 25, 2013, certiorari was denied. (Doc. No. 5-11: Gov't Ex. 10). Petitioner filed a petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2554, on November 27, 2013, contending that he received ineffective assistance of counsel and that, as a result, he entered an involuntary guilty plea. (Doc. No. 1). On December 19, 2013, the Court granted Respondent's summary judgment motion and denied and dismissed the petition. (Doc. No. 11). Petitioner appealed and on June 12, 2014, the Fourth Circuit Court of Appeals dismissed the appeal. (Doc. No. 21).

Petitioner filed the pending Rule 60(b) and Rule 59(e) motions on June 13, 2016, and he filed the pending motion for default judgment on July 8, 2016, seeking "default judgment" based on the fact that the Court has not yet ruled on his other two motions. In support of his motions, Petitioner notes that, after this Court entered summary judgment against him on December 19, 2013, he filed a response to Respondent's summary judgment motion. Petitioner contends that his response to Respondent's summary judgment, as well as his "objections" to the summary judgment motion, filed on January 2, 2014, should have been construed as a motion to amend judgment under FED. R. CIV. P. 59(e). (Doc. No. 28-1 at 3). Petitioner contends that he "mislabeled his motion to alter or amend the judgment and the clerk made a clerical mistake by entering it as a response in opposition to order on motion for summary judgment and clerk's

2

judgment." (Id. at 5).

The Court will deny Petitioner's motions. First, Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Under Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Petitioner's Rule 60 motion is untimely because it was filed two and a half years after this Court granted summary judgment to Respondent. Furthermore, and in any event, even if the Court were to grant the relief Petitioner requests and address the arguments in support of Petitioner's "amended motion to amend or alter judgment," he would still not be entitled to relief. That is, to the extent that the motion is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure, the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). In support of his "amended motion to alter or amend

3

judgment," Petitioner does not present evidence that was unavailable when he filed his petition, nor does his motion stem from an intervening change in the applicable law.  Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  In sum, the Court will deny Petitioner's motions.

**IT IS, THEREFORE, ORDERED THAT** Petitioner's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. No. 28), Amended Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, (Doc. No. 29), and Motion for Default Judgment, (Doc. No. 31), are all **DENIED**.

Signed: July 28, 2016

Frank D. Whitney
Chief United States District Judge